UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LILLIAN R.,

        Plaintiff,

v.                      CASE # 20-cv-00955

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br> Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | JEANNE E. MURRAY, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br> Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | ALLISON L. GRANGER, ESQ.<br>QUINN NIBLACK<br> DOGGETT, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

   The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

**I.      RELEVANT BACKGROUND**

   **A.      Factual Background**

Plaintiff was born on March 19, 1973, and has at least a high school education. (Tr. 386, 402). Generally, plaintiff's alleged disability at the time of application was asthma, epilepsy, tinnitus, high blood pressure, reflux, sinus issues, depression, and back pain. (Tr. 401). Her alleged onset date of disability was October 15, 2014 and her date last insured was June 30, 2016. (Tr. 386).

   **B.      Procedural History**

On April 1, 2015, plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II of the Social Security Act. (Tr. 355-56). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On July 27, 2018, plaintiff appeared before ALJ William M. Weir. (Tr. 127-153). On March 27, 2019, ALJ Weir issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 95-124). On May 26, 2020, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-9). Thereafter, plaintiff timely sought judicial review in this Court.

   **C.      The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant last met the insured status requirements of the Social Security Act on June 30, 2016

2. The claimant did not engage in substantial gainful activity during the period from her alleged disability onset date of October 15, 2014 through her date last insured of June 30, 2016 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, the claimant had cervical and lumbar disc disease, neuropathy, asthma, obesity, tinnitus and hearing loss, a depressive disorder, and an anxiety disorder, each of which constituted a severe impairment (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

5. Through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a), because the claimant was able to lift and/or carry ten pounds occasionally and less than ten pounds frequently, stand and/or walk for two hours in an eight-hour workday, and sit for six hours in an eight-hour workday. The claimant was unable to engage in more than frequent handling, fingering and feeling, and she needed to avoid the use of ladders, ropes, or scaffolds. The claimant was unable to engage in work in an environment where air was not conditioned for temperature, humidity, particulates, fumes, dust, and gases. The claimant needed to avoid work at unprotected heights or around dangerous tools, chemicals, machines, or material, and she needed to avoid work requiring acute hearing of critical information regarding loss or danger to life or property, such as an air traffic controller, police dispatcher, or court reporter. In addition, the claimant needed to avoid tandem work as well as complex work, defined as work involving multiple, simultaneous goals or objective, or the need to independently set quantity, quality, or method standards.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on March 19, 1973 and she was 43 years old, which is defined as a younger individual age 18-44, on the date last insured of June 30, 2016 (20 CFR 404.1563).

8. The claimant is not able to communicate in English, and she is considered in the same way as an individual who is illiterate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that exist in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from October 15, 2014, the alleged onset date, through June 30, 2016, the date last insured (20 CFR 404.1520(g)).

(Tr. 95-114).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes two arguments in support of her motion for judgment on the pleadings. First, she argues the ALJ assessed a physical RFC that was not based on substantial evidence, but rather was based on his lay interpretation of raw medical data and he failed to tether the RFC to the record. Second, plaintiff asserts the ALJ assessed a mental RFC that was not based on substantial evidence as he failed to reconcile the RFC with mental opinion evidence. (Dkt. No. 13 at 1 [Plaintiff's Memo of Law]).

### B. Defendant's Arguments

In response, defendant first argues the ALJ's RFC assessment for simple work was consistent with the overall record, including unremarkable examinations and two expert opinions. (Dkt. No. 14 at 10 [Defendant's Memo of Law]). Defendant also replied that substantial evidence supports the RFC assessment for sedentary work, which had greater limitations than opined but again consistent with the record as a whole. (*Id*. at 13).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable

basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.    ANALYSIS**

Plaintiff asserts the physical and mental RFC was not based on substantial evidence because the ALJ failed to reconcile the RFC with opinions of record and argues there was no opinion evidence to inform the ALJ's assessed limitations. (Dkt. No. 13 at 14). Essentially the plaintiff is arguing that the RFC does not mirror any opinion evidence and therefore is not based on substantial evidence. The RFC is an assessment of "the most [Plaintiff] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1). It is the ALJ who is responsible for assessing plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what plaintiff can still do, provided by any medical sources. *Id.* §§ 416.927(d), 416.945(a)(3), 416.946(c).

Contrary to plaintiff's assertion, an ALJ's RFC determination is not fatally flawed merely because it is not identical to a medical opinion. The Second Circuit has held that where "the record

contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted); *see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole.").

Furthermore, an ALJ is not required to rely on any particular opinion in formulating the claimant's RFC. *See, e.g.*, *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018) ("Even where the ALJ's determination does not perfectly correspond with any of the opinions of medical sources cited in his decision," the ALJ is "entitled to weigh all of the evidence available to make a residual functional capacity finding that was consistent with the record as a whole."); *Johnson v. Colvin,* 669 F. App'x 44, 46 (2d Cir. 2016)(finding that where the record contained sufficient other evidence supporting the ALJ's determination and because the ALJ weighed all of that evidence when making his residual functional capacity finding, there was no 'gap' in the record and the ALJ did not rely on his own 'lay opinion' in declining to rely on any particular medical opinion). Rather, the ALJ is to assess the claimant's RFC "based on all the relevant evidence in your case record." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). For the reasons discussed in this opinion, the ALJ has fulfilled his legal obligations.

**A. Physical RFC**

Plaintiff first argues that the physical RFC was not based on substantial evidence because the ALJ failed to reconcile the RFC with the opinions from Dr. Gonzalez-Mendez and Dr. Queipo, and there was no physical opinion evidence of record to inform the ALJ's assessed limitations, so

he relied on his own lay interpretation of raw medical data. (Dkt. No. 13 at 14). On November 2, 2015, Dr. Jose Gonzalez-Mendez, M.D., and Dr. G. Spitz, M.D., reviewed plaintiff's medical file at that time and opined that plaintiff could perform light exertion work, frequently climb ramps/stairs and balance, occasionally climb ladders/ropes/scaffolds, stoop, kneel, crouch, and crawl, she should avoid concentrated exposure to high ambient noise, fumes, odors, dusts, gases, poor ventilation, and hazards, and she should avoid jobs where good hearing was essential to job performance or safety. (Tr. 170-175). On February 1, 2016, Dr. Rafael Queipo, M.D. reviewed plaintiff's file at that time and affirmed Dr. Gonzalez-Mendez's and Dr. Spitz's opinions. (Tr. 192-193).

Plaintiff contends that the ALJ's assessed RFC for sedentary work with manipulative limitations is more limiting than the opinions from Drs. Gonzalez-Mendez and Queipo and is therefore not based on substantial evidence and the case requires remand. (Dkt. No. 13). As an initial matter, an ALJ can find greater limitations than opined by a medical source. *Wilson v. Colvin*, No. 6:16-CV-06509-MAT, 2017 WL 2821560, at *5 (W.D.N.Y. June 30, 2017) ("Furthermore, the fact that an RFC assessment does not correspond exactly to a medical expert's opinion in the record does not mean that the RFC assessment is 'just made up.'"). However, ALJ Weir additionally explained that although greater limitations were warranted, the opinions of Dr. Gonzalez-Mendez and Dr. Queipo were generally consistent with the evidence of record. (Tr. 111). The ALJ agreed with both doctors that plaintiff would have exertional limitations and limited plaintiff to sedentary work. (Tr. 108-11, 170-75, 195-97). A sedentary RFC is consistent with multiple medical opinions, including Drs. Gonzalez-Mendez and Queipo, which did not assess any sitting limitations. (Tr. 170-75, 195-97). For example, in September 2015, consultative examiner Victor R. Arrieta Igartua, M.D., indicated that plaintiff had no limitations sitting. (Tr. 747). The

ALJ also discussed an examination from June 2016 that showed plaintiff had a normal gait and station, normal sensation, and normal coordination. (*See, e.g.*, Tr. 109, 1205).

With respect to plaintiff's abilities to handle, finger, and feel, the ALJ considered Dr. Igartua's findings that plaintiff had normal functioning in her extremities. (Tr. 747, 748). However, ALJ Weir also appropriately considered plaintiff's allegations which included that she has difficulty using her hands and a great deal of difficulty standing and walking. (Tr. 109). The burden is on the claimant to prove RFC limitations exceeding those assessed by the ALJ. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018). Plaintiff has argued the physical RFC was more restrictive than the opinion evidence but concludes "it is possible that with a more limiting RFC, plaintiff would have been found disabled" (Dkt. No. 13 at 21). Plaintiff fails to demonstrate any additional physical limitations in this case.

**B. Mental RFC**

Plaintiff also argues the ALJ failed to reconcile the mental RFC with the more limiting mental opinion evidence from Drs. Cortes and Umpierre, despite giving both of these opinions significant weight. (Tr. 108-112). On September 28, 2015, Dr. Jennifer Cortes, Psy.D. reviewed plaintiff's file at that time and opined that plaintiff had moderate restriction of activities of daily living, moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, or pace; she was able to understand, remember, and execute simple instructions, able to maintain attention, sustain concentration, persistence, and pace, adapt to changes, and interact adequately with others; and she appeared to have moderate limitations in the ability to remember more detailed instruction, to perform at a consistent pace and maintain a regular schedule, to interact appropriately with the general public, and to respond appropriately to basic work setting changes. (Tr. 168-169, 175-178). On February 1, 2016, Dr.

Luis Umpierre, Psy.D. reviewed Plaintiff's file until that date and affirmed Dr. Cortes's opinion. (Tr. 192). The ALJ gave these opinions significant weight because of the doctors' mental health expertise, their review of the medical records, and the relative consistency of their opinions with each other and the medical evidence through the date last insured. (Tr. 111). Plaintiff argues the ALJ's RFC which included that "the claimant needed to avoid tandem work as well as complex work, defined as work involving multiple, simultaneous goals or objectives, or the need to independently set quantity, quality, or method standards" is inconsistent with the opinions from Drs. Cortes and Umpierre. (Tr. 108-112; Dkt. No. 13 at 23). Although Dr. Cortes assessed moderate limitations in activities of daily living, maintaining social functioning, and concentrating, persisting, or maintaining pace, he concluded plaintiff was able to understand, remember and execute simple instructions, able to maintain attention, sustain concentration persistence and pace, adapt to changes and interact adequately with others. (Tr. 168-69). In sum, the only limitation was to simple work.

As discussed above, the RFC is a determination made by the ALJ and not a medical provider. Furthermore, the ALJ is not required to rely on a particular opinion in formulating the RFC and burden is on the plaintiff to demonstrate additional limitations.

ALJ Weir considered the opinions and assigned them significant weight but also discussed and cited relevant treatment notes in assessing the RFC. For example, the ALJ referenced records showing that plaintiff's anxiety and depression were stable and mental status examinations were unremarkable. (Tr. 109; *see* Tr. 1730, 1731, 1736, 1737, 1740). As the ALJ explained, the findings of moderate limitations are not an RFC assessment but are used to rate the severity of mental impairments at steps two and three of the sequential evaluation. (Tr. 107-08). *See* Social Security Ruling SSR 96-8p, 1996 WL 374184; *Wozniak v. Comm'r*, 2015 WL 4038568 (W.D.N.Y. June

30, 2015) (explaining that the limitations identified in the paragraph B and C criteria are not an RFC assessment).

In addition to the opinions of Drs. Cortes and Umpierre, the ALJ also appropriately considered the entire record in assessing the RFC. (Tr. 104). For example, the ALJ noted that treatment records from the relevant period showed that her mental health symptoms appeared to be managed with monthly outpatient counseling and medication. (Tr. 109, 1595). The treatment notes cited by the ALJ show unremarkable examinations including that plaintiff was alert and oriented with no impairment of recent or remote memory; had normal attention span and ability to concentrate; had an appropriate fund of knowledge; was cooperative and well groomed; her mood and affect were stable; she had normal speech; logical and coherent thought processes; adequate insight; good judgment; and intact cognition (*see, e.g.*, Tr. 1730, 1731, 1736, 1737, 1740). The ALJ considered a psychiatric evaluation from July 2016 observing that plaintiff had symptoms of depression which were controlled for many years until she self-stopped taking her medications (Tr. 109, citing Tr. 1488). Plaintiff does not cite any other evidence to support greater mental limitations in her brief beyond the opinions from Drs. Cortez and Umpierre. (Dkt. No. 13 at 21-23).

ALJ Weir also discussed consultative examiner Dr. Vega's findings and conclusions in assessing the mental RFC. Dr. Vega assessed plaintiff's mental functioning was "mostly adequate, oriented, but some intellectual abilities and memory seemed slightly diminished". (Tr. 109-10, *citing* Tr. 728). Although Dr. Vega observed that plaintiff struggled on tasks that demanded moderate to high levels of memory and concentration, the doctor did not assess any mental limitations. (Tr. 721-28). Dr. Vega opined only that plaintiff was able to handle her funds. (*Id*.). The ALJ's limitation to no complex work is therefore supported by this medical opinion as well.

In sum, an RFC does not solely require medical opinion evidence. Consistent with obligations under the regulations governing the formulation of plaintiff's RFC, ALJ Weir expressly stated that he had based the RFC finding on the totality of the evidence. (Tr. 108). *Foley v. Comm'r of Soc. Sec.,* No. 1:18-CV-00512 EAW, 2019 WL 4386046, at *7 (W.D.N.Y. Sept. 13, 2019) ("Simply because the ALJ afforded no single opinion controlling weight does not mean ... that he substituted [his] own expertise of the medical proof for medical opinion."). Plaintiff concedes that the ALJ summarized the evidence of record and assigned weight to the opinions of record. (Dkt. No. 13 at 20). Substantial evidence supports the ALJ's physical and mental RFC and plaintiff failed to meet her burden to prove medical impairments with limitations greater than found by the ALJ.

**ACCORDINGLY, it is**

  **ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is

    **DENIED**; and it is further

  **ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 14) is

    **GRANTED.**

Dated: June 23, 2022  
Rochester, New York

*J. Gregory Wehrman*  
HON. J. Gregory Wehrman  
United States Magistrate Judge